262 F.Supp. 961 (1967)
Arthur J. STONE, Plaintiff,
v.
LOCAL 29, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS AND HELPERS Affiliated With the AFL-CIO, and
The International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers Affiliated With the AFL-CIO, Defendants.
Civ. A. No. 65-718.
United States District Court D. Massachusetts.
January 30, 1967.
*962 Gordon P. Ramsey, Charles F. Barrett, Nutter, McClennen & Fish, Boston, Mass., for plaintiff.
Warren H. Pyle, Angoff, Goldman, Manning & Pyle, Boston, Mass., for defendants.

OPINION
CAFFREY, District Judge.
This is a civil action in which jurisdiction of this court is invoked under 29 U.S.C.A. § 412 as to Count One and jurisdiction for Count Two is based on the so-called doctrine of pendent jurisdiction.
Plaintiff is a resident of the Commonwealth of Massachusetts. Defendant Local 29 is a labor organization within the meaning of 29 U.S.C.A. § 402(i) and is affiliated with defendant International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, which also is a labor organization within the meaning of 29 U.S.C.A. § 402 (i). Local 29 has a place of business in Boston, and the International's principal office is in Kansas City, Kansas. Plaintiff at one time was a member in good standing of Local No. 6 of the International in San Francisco, California. He also was a member in good standing at one time of Local 651, Somerville, Massachusetts.
The complaint concedes that thereafter plaintiff was validly suspended from membership in the International and in Local 651 for non-payment of dues, that subsequently he made application for readmission to membership to defendant Local 29, pursuant to the provisions of Article VI, Section 2, of defendant International's constitution, that he fulfilled all valid requirements for reinstatement contained both in Article VI and in the bylaws of Local 29, but that he has been refused readmission to membership in good standing. The complaint alleges that plaintiff has exhausted the administrative appeal available to him under the terms of the International's constitution.
The matter came before the Court on defendants' motion for summary judgment and was briefed and argued by counsel. After hearing, I find and rule as follows:
The complaint fails to allege the date of plaintiff's expulsion but I accept as factual the unchallenged recital in defendants' brief that the suspension from membership occurred in 1956 at which time plaintiff was a member of Local 651. It likewise appears without challenge from defendants' brief that plaintiff's application for reinstatement received an adverse vote of the membership of Local 29 on April 7, 1965, on the grounds that he did not satisfy one of the requirements for admission in that he was not then employed within the jurisdiction of Local 29.
*963 The affidavit of Samuel J. Cirino establishes that at no time has plaintiff attempted to exercise any specific rights or privileges of membership in Local 29 or the International, and it appears that Local 29 has referred plaintiff to jobs falling under the jurisdiction of the "National Transit Members Division," a separate division of International, despite his lack of union membership. It is conceded by plaintiff that the question of his entitlement to membership in Local 29 under the terms of the Union's constitution is a question of state law.
The theory underlying plaintiff's claim in Count One is that he is a member of the Union within the meaning of 29 U.S.C.A. § 402(o), and that as such he is being denied the rights accorded to Union members by 29 U.S.C.A. § 411. This he reasons, in turn, entitles him to bring a suit to enforce those rights under 29 U.S.C.A. § 412. 29 U.S. C.A. § 402(o) provides in pertinent part:
"`Member' or `member in good standing', when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." (Emphasis added.)
Plaintiff's concession that he was validly suspended from Union membership puts him beyond the pale of Section 402 (o). He is not a "member" within the meaning of the statute and consequently he does not have standing to bring suit in this court under the provisions of Section 412. See Carroll v. Associated Musicians of Greater N. Y., Local 802, 235 F.Supp. 161, 173 (S.D.N.Y.1963); Smith v. General Truck Drivers, etc., Union, 181 F.Supp. 14 (S.D.Cal.1960).
No violation of 29 U.S.C.A. § 411(a) (5) can be claimed or established on the facts of this case. It should be noted that there is no legal requirement upon a Union to accept a person for membership solely because he is qualified to become a member. Moynahan v. Pari-Mutuel Employees Guild of Cal., Local 280, 317 F.2d 209 (9th Cir. 1963), cert. denied 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963). Finally, it should be noted that plaintiff's reliance on Hughes v. Local No. 11 of International Association of Bridge, Structural and Ornamental Ironworkers, AFL-CIO, 287 F.2d 810 (3rd Cir. 1961), cert. denied 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961), is misplaced because it appears that Hughes was a member of one Local of the International and was seeking a court order directing his admission, by way of transfer, to another Local of the same International. More significantly, it also appears from the opinion of the Court of Appeals for the Third Circuit that Hughes, unlike the plaintiff in the instant case, had never been validly suspended or expelled from membership in the International.
Count One must be dismissed for lack of federal jurisdiction, and as a corollary thereto Count Two should likewise be dismissed, without prejudice to whatever rights plaintiff may have in an action in the state courts. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
Defendants' motion for summary judgment is allowed. Judgment accordingly.