709 F.2d 611
 113 L.R.R.M. (BNA) 3390, 98 Lab.Cas. P 10,293
 Francis R. BRENNAN, Plaintiff-Appellant,
v.
LOCAL 357, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA; Joint
Council 42, International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of America, and Does I
Through XX, Inclusive, Defendants-Appellees.
 No. 81-5825.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 7, 1983.
Decided July 1, 1983.
 
 1
 Neil R. Trop, San Diego, Cal., for plaintiff-appellant.
 
 
 2
 Robert D. Vogel, Pappy, Kaplon, Vogel & Phillips, Los Angeles, Cal., for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Before HUG and CANBY, Circuit Judges, and RYAN,* District Judge.
 
 RYAN, District Judge:
 
 5
 Plaintiff Brennan brought this action against defendants, Local Union 357 and Joint Council No. 42 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, alleging that defendants violated the procedural requirements contained in 29 U.S.C. Sec. 411(a)(5) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. Secs. 401-531 (1976). Upon the completion of a court trial, the district court entered judgment in favor of both defendants against plaintiff.
 
 
 6
 Prior to September 1, 1975, Brennan was a member in good standing of Local 357. On September 1, 1975, Brennan was automatically suspended as a member of Local 357 for nonpayment of union dues because Local 357 did not receive his dues for the months of June, July, and August of 1975 on or before August 31, 1975. That automatic suspension was pursuant to Article V, Sec. 3(a), of the By-laws of Local 357 and Article X, Sec. 5(c), of the Constitution of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereinafter International Constitution), which provide that if a local union has not received a member's dues on the last business day of the third month for which dues are owing, the member automatically stands suspended and shall not be entitled to any rights or privileges of membership. Brennan's late tender of dues was mailed back to him with a letter dated September 2, 1975, informing him that the records of Local 357 showed that he was no longer actively working under the jurisdiction of Local 357 and that if he subsequently began working again in the jurisdiction of Local 357, his delinquent dues and reinstatement fee would then be accepted. That letter was prepared and delivered pursuant to a policy of Local 357 that if a member became suspended for nonpayment of union dues, he could not become a member in good standing again until he was actively employed in the jurisdiction of Local 357. Local 357 had maintained and administered that policy since 1968.
 
 
 7
 On or about October 14, 1975, Brennan again attempted to pay his delinquent dues and required reinstatement fee to Local 357. Brennan's tender of the dues and reinstatement fee was rejected by Reyes, the Secretary-Treasurer of Local 357, because Reyes believed that Brennan was a member of a different local, Local 389, and that Brennan had not properly transferred into Local 389 from Local 357 as required by the International Constitution. Additionally, the tender of dues and reinstatement fee was refused by Reyes because, at the time it was offered, Brennan was not actively working in the jurisdiction of Local 357. On or about October 20, 1975, Local 357, through Reyes, advised Brennan in writing that the reason his offer to pay the reinstatement fee was rejected was because Brennan was allegedly a member of Local 389 in addition to being a member of Local 357. In that letter, Local 357 contended that Article XVIII, Sec. 3(a), of the International Constitution provided that it was compulsory for a member working full-time under the jurisdiction of another local union to transfer his membership into that local union. By letter of October 30, 1975, Brennan requested a hearing before the Executive Board of Local 357 to appeal the Secretary-Treasurer's decision. Brennan's request for a hearing was granted by the Executive Board in a letter from Local 357 dated November 14, 1975.
 
 
 8
 A hearing was held pursuant to Brennan's request before the Executive Board of Local 357 on November 19, 1975. The Executive Board conducted further investigation into Brennan's alleged dual local membership. A second Executive Board hearing was held on December 22, 1975. On April 5, 1976, Reyes informed Brennan by letter that the Executive Board of Local 357 had concluded that Brennan had forfeited his membership in Local 357 by failing to transfer his union membership when he became a member of Local 389 and began working in the jurisdiction of Local 389 in a full-time capacity. The letter also informed Brennan that if and when he secured steady employment within the jurisdiction of Local 357 and wished to pay a reinstatement fee and request a transfer from Local 389 to Local 357, that Local 357 would accept him as a member.
 
 
 9
 Brennan requested a hearing to appeal the finding of the Executive Board before the Joint Council No. 42 by letter dated April 14, 1976. By letter dated June 10, 1976, Brennan was informed that a hearing on his appeal from the decision of the Executive Board of Teamsters Local Union 357 was scheduled on June 24, 1976, and that Brennan was able to appear in person, present witnesses, and be represented by a member of his choice of his local union. The Joint Council conducted a hearing that was essentially a de novo hearing on June 24, 1976. By letter dated November 4, 1976, Brennan was informed by the President of the Joint Council that the Joint Council had upheld the decision of the appeal panel which conducted his hearing and recommended that Brennan's appeal be denied.
 
 
 10
 Brennan was not allowed to use the hiring hall of Local 357 from October 14, 1975, until December 22, 1975, or from April 15, 1976, to May 1977, when Brennan once again became a member in good standing of Local 357. Brennan has been and continues to be a member in good standing of Local 357 since May 1977.
 
 
 11
 In deciding Brennan's claims that appellees violated the procedural requirements of the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter the Act), the district court entered judgment for defendants on alternative grounds. Initially, the district court concluded that Brennan was without standing to complain that the defendants did not comply with the procedural requirements of the Act. Additionally, the district court concluded that even if Brennan had standing and if the defendants did in fact discipline Brennan, in terms of 29 U.S.C. Sec. 411(a)(5), the defendants complied with the procedural requirements of 29 U.S.C. Sec. 411(a)(5) by serving Brennan with written specific charges and affording Brennan a full and fair hearing. Finally, the district court concluded that even if there were some procedural irregularity on the part of Appellee Local Union 357 prior to the full and fair hearing conducted by Appellee Joint Council No. 42, Brennan presented no credible evidence to prove his contention that he suffered damages of any kind as a result of the Local Union's alleged failure to comply with the Act.
 
 
 12
 We consider first the standing issue. If the district court is correct on this alternate ground, we need not consider the remaining alternate grounds.
 
 
 13
 29 U.S.C. Sec. 411(a)(5) provides in pertinent part:
 
 
 14
 No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.
 
 
 15
 The district court found that when Brennan attempted to pay his delinquent union dues and reinstatement fee on October 14, 1975, he had previously been lawfully and validly suspended from membership in Local 357 and accordingly was not a member in good standing of a labor organization and thus did not have standing to complain that the labor organizations failed to afford him the procedural safeguards provided in the Act. Brennan contends on appeal that he established at trial that he was a member in a labor organization at the time he was allegedly disciplined, and therefore, has standing under the Act to complain that the appellees violated 29 U.S.C. Sec. 411(a)(5).
 
 
 16
 29 U.S.C. Sec. 402(o ) of the Act defines a member of a labor organization for purposes of 29 U.S.C. Sec. 411(a)(5) and provides in pertinent part:
 
 
 17
 "Member" or "member in good standing," when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization. (emphasis added)
 
 
 18
 Article V, Sec. 3, of the By-laws of Local 357 provides in pertinent part:
 
 
 19
 Sec. 3. (a) Any member who shall be three (3) months in arrears in the payment of dues, fines, assessments or other charges, at the end of the third month shall automatically stand suspended and shall not be entitled to any rights or privileges as a member of the Local Union. (emphasis added)
 
 
 20
 (b) Any member being suspended because of being three (3) months in arrears of dues may be reinstated by the payment of a reinstatement fee of Thirty-five Dollars ($35.00) for Office Employees and not less than Fifty Dollars ($50.00) for all others.
 
 
 21
 Article XVIII, Sec. 3(a), of the International Constitution provides in pertinent part:
 
 
 22
 If a member continues to work under the jurisdiction of another Local Union after having been refused a transfer card or after having failed to apply for such transfer card as specified herein, or after the Joint Council has decided he should transfer, and he has refused, he thereby forfeits his membership, and his Local Union must not accept any more dues or furnish him with a button.
 
 
 23
 Article XXII, Sec. 1, of the By-laws of Local Union 357 incorporates the International Constitution by reference. These statutory and union provisions provide the basis for review of the district court's conclusion that Brennan lacked standing to allege that appellees violated the procedural requirements of the Act.
 
 
 24
 The general principles employed by the courts which have interpreted the standing requirements under 29 U.S.C. Sec. 411(a)(5) are fairly well established and have been generally uniformly applied by those courts. It is generally recognized that the definition of "member," within 29 U.S.C. Sec. 402(o ), is not limited to those persons who are recognized as members by the union. The Act provides rights to those persons who have fulfilled the requirements of membership, i.e., those who are members in substance despite the fact that union officials have not performed the ministerial acts necessary to give formal recognition to a person's status as a member. Hughes v. Local No. 11 of Internat'l Ass'n. of Bridge, Etc., 287 F.2d 810, 815 (3d Cir.), cert. denied, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961), and Parish v. Legion, 450 F.2d 821, 824 (9th Cir.1971). The legislative history of the Act supports the proposition that the Act was not drafted with the intent to dictate the requirements established by a labor organization respecting membership. Moynahan v. Pari-Mutuel Employees Guild of California, Local 280, 317 F.2d 209, 210 (9th Cir.), cert. denied, 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963). It is also well established that if an individual has failed to comply with the membership requirements of a labor organization, that individual may not obtain relief under the Act. Moynahan v. Pari-Mutuel Employees Guild of California, Local 280, id.
 
 
 25
 Two recent decisions have recognized the principles set forth above and have been characterized as cases embracing a progressive determination of membership for purposes of reviewing alleged violations of the Act. Although both cases recognized that the Act rather than the union's characterization of a person's status is determinative of the issue of membership, both cases recognized that one who has met the membership requirements of 29 U.S.C. Sec. 402(o ) only remains a member within the meaning of the Act until one of two events occurs: (1) the member voluntarily withdraws from the union, or (2) the union expels or suspends the member after appropriate proceedings held pursuant to lawful constitutional or bylaw provisions. Alvey v. General Electric Company, 622 F.2d 1279, 1284 (7th Cir.1980); Erkins v. Bryan, 663 F.2d 1048, 1051 (11th Cir.1981), cert. denied, --- U.S. ----, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982). In this regard, it is important to note that Brennan does not contest the district court's finding of fact that Brennan was validly suspended as a member of Local 357 for nonpayment of union dues.
 
 
 26
 Appellant urges that he proved at trial that he had fulfilled all the requirements for reinstatement into Local 357 set forth in Article V, Sec. 3(b), of the By-laws of Local 357, and thus should be considered a member for purposes of the Act when he tendered his delinquent dues and reinstatement fee on October 14, 1975. Brennan argues that after that date, only ministerial acts of Local 357 officials remained to be performed to formalize his membership. Thus, appellant urges he satisfies the standing requirements under the Act.
 
 
 27
 The district court found that Brennan was a member of Local 389 or working full-time in its jurisdiction and was not actively working in the jurisdiction of Local 357 when he tendered his delinquent dues and reinstatement fee on October 14, 1975. Brennan does not contest the lower court's factual findings in those respects. Based upon those factors, appellees argue that Local 357 was not left with merely a ministerial duty of accepting Brennan's tender on that date because Brennan was in violation of the International Constitution and thus ineligible for reinstatement. The appellees urge that since the Act does not prescribe the requirements for union membership and recognizes that the unions retain their right to choose their membership, the decision to reinstate Brennan was within the discretion provided Local Union 357 in Article V, Sec. 3(b) of its By-laws. Additionally, the appellees urge that their legitimately held beliefs that Brennan was a member of Local 389 or working full-time in its jurisdiction at the time of his tender, justified their interpretation that Article XVIII, Sec. 3(a), of the International Constitution precluded dual local union membership and the Local was therefore legally unable to reinstate Brennan on October 14, 1975. Thus, the appellees conclude that since Brennan was not a member of Local Union 357, he may not invoke the procedural protections in the Act that are solely guaranteed to union members.
 
 
 28
 The district court found that on October 14, 1975, plaintiff was a member of Local 389 and was not actively working in the jurisdiction of Local 357. Based upon that finding, the court concluded that plaintiff breached the By-laws of Local Union 357 and the International Constitution by being a member of two local unions at the same time, or, in the alternative, being a member of Local 357 while working full-time in the jurisdiction of Local 389. Thus, the district court agreed that the interpretation by Local Union 357 of Article XVIII, Sec. 3(a), of the International Constitution was proper and Brennan was not a member in substance at that time since more than mere ministerial duties remained to effectuate his reinstatement.
 
 
 29
 In Moynahan v. Pari-Mutuel Employees Guild of California, Local 280, 317 F.2d 209 (9th Cir.), cert. denied, 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963), this court recognized that the union's requirement that a member receive a two-thirds favorable vote of the current members could hardly be characterized as a mere formality or ministerial act. We think the same conclusion applies to Brennan's case. The legitimate concern of Local Union 357 relative to Brennan's potential dual membership distinguishes this case from the situation where a mere ministerial formality remained to effectuate Brennan's reinstatement. Additionally, we conclude that the interpretation of Local Union 357 of its International Constitution was reasonable.
 
 
 30
 The cases construing these provisions of the Act support our conclusion. The case most analogous to the case at bar is Stone v. Local 29, Boilermakers, 262 F.Supp. 961 (D.Mass.1967). In Stone, the plaintiff conceded that he was validly suspended from union membership for nonpayment of dues and urged that his subsequent application for readmission to membership, pursuant to the provisions of the By-laws and International Constitution, mandated his reinstatement. The local union in Stone had refused Stone's readmission to membership. In Stone, the district court concluded that the plaintiff's concession that he was validly suspended from union membership put him beyond the pale of Section 29 U.S.C. Sec. 402(o ). Additionally, the court in Stone distinguished Hughes v. Local No. 11 of Internat'l Ass'n of Bridge, Etc., 287 F.2d 810 (3d Cir.), cert. denied, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961), on the basis that Hughes, unlike Stone (and Brennan), had never been validly suspended or expelled from membership in the International.
 
 
 31
 This court has also considered Alvey v. General Electric Co., 622 F.2d 1279 (7th Cir.1980), and Erkins v. Bryan, 663 F.2d 1048 (11th Cir.1981), cert. denied, --- U.S. ----, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982), which the parties concede represent a more progressive view of the relationship between membership and standing under the Act. However, while the results achieved in those cases may be characterized as liberally interpreting the standing requirements of the Act, closer scrutiny of those cases reveals that they are factually distinguishable from the case at bar and that the reasoning employed by the Courts of Appeals for the Seventh and Eleventh Circuits supports affirmance of the district court's judgment in this action. Both Alvey and Erkins agree that a person unrecognized as a member by his local union may be a member in substance in terms of the Act, but that one who has met the membership requirement remains a member within the meaning of the Act only until the member voluntarily withdraws from the union or the union expels or suspends the member after appropriate proceedings held pursuant to lawful constitutional or bylaw provisions. Brennan was validly suspended under the provisions of the By-laws of Local Union 357 and the International Constitution. Those union documents and the Act provide the union with a reasonable degree of discretion in considering Local Union 357's membership. Thus, we agree with the district court that at the time of the alleged procedural irregularities, Brennan was not a member of Local Union 357 in terms of the Act.
 
 
 32
 This court having determined that Brennan was not a union member, and therefore without standing to claim the procedural protections of the Act, it is thus unnecessary to consider the remaining issues raised on appeal as set forth previously in terms of the district court's alternative grounds for judgment.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The Honorable Harold L. Ryan, United States District Judge, District of Idaho, sitting by designation