Donald MOYNAHAN, Appellant,

v.

PARI–MUTUEL EMPLOYEES GUILD OF CALIFORNIA, LOCAL 280, et al., Appellees.

No. 18354.

United States Court of Appeals Ninth Circuit.

May 6, 1963.

Liebman & Turk, and John R. Liebman, Beverly Hills, Cal., for appellant.

Levy, DeRoy, Geffner, Koszdin & Glow, and Leo Geffner, Los Angeles, Cal., for appellees.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge.

Appellee Union, having a closed-shop agreement with turf clubs in California, has, according to appellant, arbitrarily denied him membership in the Union and thereby has prevented him from securing employment as a pari-mutuel clerk. Appellant has brought this action, seeking damages and an injunction against the Union's continuing to refuse him membership.

Upon a motion by appellees to dismiss the action, the district court received a stipulation of facts establishing that ap-

pellant had never been admitted to union membership. The district court, treating the motion as one for summary judgment, thereupon granted judgment in favor of appellees.

This appeal poses the question whether appellant has shown any right, under the facts alleged by him, to federal judicial relief.

As a basis for federal jurisdiction appellant relies on section 102 of the Labor Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 412), which permits a civil suit in the district court by any person whose rights under that Act have been infringed. Appellant asserts rights under section 101(a) of the Act, which extends equal rights protection to all union members. He asserts that his right to claim union membership (and thus the protection of this section) is provided by section 3(o) of the Act. That section states:

> " 'Member' or 'member in good standing', when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization."

Appellant asserts that he has fulfilled all the requirements for membership in the Union, and that all that remains is for the Union to accomplish the ministerial act of formal admission.

One of the Union's requirements for membership, however, is a two-thirds favorable vote of the current members. This requirement has never been met by appellant, and can hardly be characterized as a mere formality or ministerial act.

Appellant contends that the Disclosure Act was designed to deny unions discretionary control over their membership; that to recognize acceptance by the union as a "requirement for membership" contemplated by section 3(o) is to violate the spirit and intent of the Act.

■ However, legislative history persuasively demonstrates that Congress did not intend section 3(o) to limit the previously recognized rights of unions to choose their members.[1] Scholars in the field of labor law, while deploring this result, agree that it represents the current state of the law.[2]

Appellant's reliance upon Hughes v. Local 11 (3 Cir. 1961) 287 F.2d 810, in support of his position is misplaced. In Hughes, the employee was already a member of the international union, and the question was whether this membership should be recognized by a local with which the member wished to affiliate. Further distinguishing the case from the facts here presented, the opinion states at page 816:

> " * * * [t]his case may be distinguished from the ordinary case of an application for membership in a voluntary association on the ground that there was not in this case a reservation of power by the organization to refuse membership, in its discretion, to those who have fulfilled its standard membership requirements."

1. We note in particular the defeat of the Powell Amendment prohibiting discrimination by unions in selection of their membership; and the omission from the final version of section 3(o) of the McClellan definition of a member as any person who has tendered the lawful requirements for membership. See NLRB, Legislative History, Labor Management Reporting and Disclosure Act, 1959, Vol. I, pp. 219, 265, 573, 627, 695; Vol. II, pp. 1648–1649. See also National Labor Relations Act § 8(b) (1) (A), 29 U.S.C. § 158(b) (1) (A); Railway Labor Act, § 2 Eleventh, 45 U.S.C. § 152 Eleventh.

2. See Aaron, The Labor Management Reporting and Disclosure Act of 1959, 73 Harv.L.Rev. 851, 860 (1960); Cox, Internal Affairs of Labor Unions Under the Labor Reform Act of 1959, 58 Mich. L.Rev. 819, 841–842 (1960); Hickey, The Bill of Rights of Union Members, 48 Georgetown L.J. 226 (1959–60).

■ We conclude that the Disclosure Act gives appellant no federal relief.

■ Appellant next contends that the National Labor Relations Act imposes upon appellee the duty of fair representation without discrimination. He relies upon Steele v. Louisville and Nashville Railway Company, 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173, as establishing a rule of "fair dealing" which should apply here. He asserts:

> "The appellee labor organization, having fashioned for itself the position of spokesman for all who are within the bargaining unit, must represent all such persons fairly, whether actual members of the organization or not."

Appellant's complaint, however, is not that the Union failed to exercise its bargaining representation fairly on behalf of all members of the bargaining unit. He was not an employee in that unit. His complaint is that the Union failed to accept him into its membership. Steele does not impose upon a union the duty to open wide its doors to anyone. The court states at page 204, 65 S.Ct. at page 233:

> "While the statute does not deny to such a bargaining labor organization the right to determine eligibility to its membership, it does require the union, in collective bargaining and in making contracts with a carrier, to represent non-union or minority union members of the craft without hostile discrimination, fairly, impartially, and in good faith."

We conclude that the duty of fair representation as established in Steele provides no support for appellant's position. Courant v. International Photographers Local 659 (9 Cir. 1949) 176 F.2d 1000. Nor can appellant assert any constitutional right to relief. Courant, supra, at page 1003.

This disposes of appellant's contentions based upon what his complaint designates as causes of action 1 and 2.

■ Appellant has also alleged, as causes of action 3 and 4, that appellees have injured him by unlawfully conspiring to cause turf clubs to refuse to employ him; and that to enforce a closed-shop agreement under the circumstances here presented is contrary to California state policy.

No federal question is presented by these claims. Appellant contends, however, that since substantial federal claims are set forth in his complaint in the respects already discussed the district court should be held to have ancillary pendent jurisdiction over this claim as well. In this respect appellant relies on Hurn v. Oursler, 1933, 298 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

The district court disposed of this contention in the following language:

> "Plaintiff's third and fourth causes of action are apparently predicated upon the pendent jurisdiction of this Court. That rule has its basis in judicial economy;—that is if the Court is to try the first two counts based on a federal question, then regardless of the disposition of those counts, it may try the third and fourth counts, which are based on State law.
>
> "In view of the fact that no cause of action is stated in counts 1 and 2, then counts 3 and 4 should also be dismissed."

We agree. Although appellant's federal claims may be said to be substantial,[3] nevertheless they are distinct from the state claims in terms of the nature of the claims, the type of relief sought and the evidence necessary to support them. These claims thus fail to meet the requirement of Hurn, supra, that there be but a single cause of action.

---

3. They are "substantial" in the sense that they are not obviously without merit on their face or clearly unsound on the basis of prior decisions of the federal courts foreclosing the subject and leaving no room for the inference that the questions sought to be raised can be the subject of controversy. See Levering & Garrigues Co. v. Morrin (1933) 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062.

stated. Under these circumstances, it would be making the tail wag the dog for the mere allegation of federal questions which are subject to being summarily disposed of on the pleadings, to compel plenary trial of the state claims. Compare Magruder, J., concurring in Strachman v. Palmer (1 Cir. 1949) 177 F.2d 427, 433, 12 A.L.R.2d 687.

Affirmed.