553 F.2d 28
 94 L.R.R.M. (BNA) 3257, 81 Lab.Cas. P 13,163
 John GAVIN et al., Plaintiffs-Appellants,
v.
STRUCTURAL IRON WORKERS LOCAL NO. 1 OF the INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL
IRON WORKERS, an unincorporated
association, Defendant-Appellee.
 No. 75-1693.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Jan. 22, 1976.
Decided April 5, 1977.
 
 Gerald White, Chicago, Ill., for plaintiffs-appellants.
 Robert S. Sugarman, Chicago, Ill., for defendant-appellee.
 Before FAIRCHILD, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 FAIRCHILD, Chief Judge.
 
 
 1
 In this appeal we are asked to consider whether appellants have adequately stated a claim that they are members, and thus entitled to the "equal rights and privileges" of membership in the defendant local union, as required by the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411. Jurisdiction over the subject matter of this case was based on § 102 of the Act, 29 U.S.C. § 412, which provides a cause of action for "(a)ny person whose rights . . . have been infringed by any violation" of the Act. The district court dismissed the appellants' complaint, however, for failure to state a claim upon which relief can be granted and for failure to exhaust "reasonable remedies" provided by the constitution of the International Union with which defendant is affiliated.
 
 
 2
 * Appellants are all journeymen ironworkers and members of the International Association of Bridge, Structural and Ornamental Iron Workers. In addition, each is a member of a local union affiliated with the International, but located outside the Chicago area. The defendant is a local union, Structural Iron Workers Local No. 1, affiliated with the International. The defendant has jurisdiction in the Chicago metropolitan area.
 
 
 3
 The appellants alleged that they and all the members of their class (similarly situated members of the International) have had the rights and privileges of membership in the defendant union unfairly withheld. Appellants claim that they have obtained clearance cards from their respective local unions, and have applied for a transfer of membership to the defendant local union at various times over the past ten years. Appellants further alleged that until October 29, 1974 the defendant had not responded to their requests for transfer. On that date the defendant notified each of them by letter that the defendant was holding their requests in abeyance "until such time it may be satisfied that to act upon or honor such requests will not impose difficulty in meeting the requirements of the decree. . . ."[1] Appellants contended that this response is a denial of the rights and privileges of members of the local, in violation of 29 U.S.C. § 411(a)(1), and, therefore, they asked the district court to declare that they "are fully accredited members of Local Union No. 1, entitled to full benefits of membership. . . ." In addition, they sought compensatory and punitive damages with costs and attorneys' fees.
 
 II
 
 4
 Taking the appellants' allegations as true, we find that the complaint does not state a cause of action for a violation of 29 U.S.C. § 411(a)(1). This section guarantees equal rights and privileges for a "member" of a labor union. Non-members may not obtain relief under the Reporting and Disclosure Act. Moynahan v. Pari-Mutuel Employees Guild of Cal., Local 280,317 F.2d 209, 210-11 (9th Cir. 1963), cert. denied, 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1964). The Act, 29 U.S.C. § 402(o ), defines a " member" as "any person who has fulfilled the requirements for membership" in a labor organization.
 
 
 5
 Appellants argue, however, that they have fulfilled the requirements for membership in the defendant union, as established by the International's constitution.[2] They obtained clearance cards from their own locals and submitted them, along with a request for admission, to the defendant. They contend that, having followed the procedures for transfer and having received no response "accepting or rejecting" their requests over a period of many years, they must be afforded the status of "member" for the purposes of this suit. In support of their argument they refer us to Hughes v. Local No. 11 of the Internat'l Ass'n of Bridge, etc., 287 F.2d 810 (3rd Cir. 1961), and Ferger v. Local 438 of the Internat'l Ass'n of Bridge, etc., 238 F.Supp. 1016 (D.N.J.1964).
 
 
 6
 In Hughes, which Ferger followed and relied on, the court was faced with the problem concerning the transfer of membership of ironworkers between local unions affiliated with the same International as involved in this case. The relevant provisions of the constitution of the International were then different. See 287 F.2d at 815, fn. 4. As the court pointed out, the local had "no discretionary power to refuse membership to persons fulfilling the constitutional requirements." The court concluded that ". . . there was not in this case a reservation of power by the organization to refuse membership, in its discretion, to those who have fulfilled its standard membership requirements." Id. The court decided that the lack of ministerial acts of recognition of membership was to be disregarded.
 
 
 7
 Had the International not amended its constitution, specifically reserving to the Executive Committee of the local the discretion to refuse membership to a member of the International seeking a transfer, the appellants' argument and the reasoning of the Hughes court would appear to be sound. However, in 1968 the International amended its constitution, Section 31, providing that the ". . . Executive Committee of the local union . . . shall accept or reject such clearance card within the discretion of the Executive Committee." Therefore, we hold that since the defendant did not accept the appellants' clearance cards, but rather held them in abeyance, the appellants who applied for membership after the 1968 amendments are not "members" of the local and cannot claim relief to assure them the status and rights of members.
 
 
 8
 This conclusion is supported by a recent decision of a district court on the same question, Philipchuk v. Iron Workers, 87 LRRM 3169 (D.N.J.1972), aff'd, 475 F.2d 1396 (3rd Cir. 1973). The court held that the amendment to the International constitution ". . . served to create and establish a meaningful step in the transfer process, namely, each Local was thereby granted an autonomous right, one not alien to the labor union movement, of voting upon those seeking admission to its membership." 87 LRRM at 3173. The court concluded that as a result of this new "step" Hughes and Ferger were no longer viable authority for a claim of automatic membership in the local. Id. Both our decision and that of the district court in Philipchuk are also consistent with the purpose of the Act: to provide equal rights for all union members while not impairing the "right of a labor organization to prescribe its own rules with respect to the acquisition and retention of membership. . . ." 105 Cong.Rec. 15722 (1959) (remarks of Representative Landrum). Therefore, since the appellants did not become "members" of the defendant local they are not entitled to relief as members.
 
 
 9
 We sympathize with the appellants' complaint that the defendant should have acted more expeditiously to accept or reject their requests for membership. However, we see no reason to treat the failure to respond before October 29, 1974, or the response of that date that the requests would be held in abeyance, as either an acceptance or a waiver of the right to reject the appellants' clearance cards.
 
 
 10
 We note from the complaint that Edward Coyne, one of the named plaintiffs, presented his clearance card in June, 1966 and May, 1968. In view of the indication in Philipchuk that the significant amendment of the constitution took place in 1968, it may be that he obtained membership rights under the Hughes rationale. Only the relevant provisions of the amended constitution are part of the record before the district court and ourselves. Under the circumstances, it seems fair that as to Coyne the judgment be without prejudice.
 
 
 11
 As to plaintiff Coyne the judgment is modified to be without prejudice to any claim that when he presented his clearance card the constitution of the International was different in material respects from the portion in this record. Except for such modifications as to Coyne, the judgment is Affirmed. Costs on appeal are awarded to defendant.
 
 
 
 [1]
 The decree referred to is a consent decree in United States v. Local No. 1, No. 68 C 676 (N.D.Ill.1968), entered in June, 1973 in a suit alleging racial discrimination by Local No. 1. It required that the local exercise good faith efforts over a four year period to achieve numerical goals of active black journeymen and apprentice members. Plaintiffs suggest that the local's refusal to accept plaintiffs is motivated by a desire to avoid acceptance of a proportional number of black members
 
 
 [2]
 The International's constitution provides a procedure for the transfer of membership between locals affiliated with the International:
 "Sec. 30. A member of the International Association who desires a clearance card for the purpose of transferring his membership to another Local Union must be a member of the International Association for at least two (2) years. Any member, who has been a member of the International Association for at least two (2) years, desiring a clearance card for the purpose of transferring his membership to another Local Union shall apply to the Financial Secretary of his Local Union, and if such member is in good standing in his Local Union, and no charges are pending against him, the Financial Secretary shall grant a clearance card upon the payment by the member of unpaid dues, or other obligations, plus One Dollar ($1.00) for the clearance card. The Financial Secretary of the said Local Union, upon issuing said clearance card, shall report the same to the next meeting of the Local Union, and report same on regular monthly report submitted to International Headquarters.
 "Sec. 31. Thereafter a member obtaining a clearance card must present the same to the Local Union into which he desires to transfer, for acceptance by it, and the matter shall be referred to the Executive Committee of the Local Union which shall accept or reject such clearance card within the discretion of the Executive Committee. The decision of the Executive Committee of either acceptance or rejection of the clearance card shall be subject to review by the General Executive Board."