**Eleanor Van Cleave BROWN**

v.

**UNITED TRANSPORTATION UNION, et al.**

**Civ. A. No. A-82-CA-472.**

United States District Court, W.D. Texas, Austin Division.

Sept. 12, 1983.

---

Davis, Deshazo & Gill, Austin, Tex., for plaintiff.

Weeks, Chapman & Buford, Austin, Tex., Norton N. Newborn, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

JACK ROBERTS, Senior District Judge.

This matter is before the Court on the defendants' motions to dismiss, for judgment on the pleadings, and/or for summa-

ry judgment. For the reasons set forth in this memorandum opinion, the Court grants the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

The plaintiff, Eleanor Van Cleave Brown, brings this suit alleging violations of the Landrum-Griffin Act, 29 U.S.C. §§ 401–531, breach of contract, and fraud. Brown is a former employee of the Texas Legislative Board, which is a subsidiary of the United Transportation Union (UTU). Both the Board and UTU are defendants. Brown alleges that she was illegally fired from her job by her supervisor in retaliation for communicating to the president of UTU her suspicions that her supervisor was misappropriating funds.

Specifically, Brown notes that Section 411(a)(2) of the Landrum-Griffin Act grants to every member of a labor union the right to "express any views, arguments, or opinions ...," and that section 411(a)(5) provides that no member may be "fined, expelled, or otherwise disciplined ..." unless certain procedures are followed. She argues further that the constitution and by-laws of the Board and UTU make their employees members of UTU for purposes of the act.

Alternatively, Brown argues that if she is not entitled to the protections afforded by federal statute, the conduct of the defendants through her supervisor constituted fraud in violation of state law. According to Brown, her supervisor assured her that as an employee of the Board and UTU, she would be accorded all the rights and protections of UTU members. Brown alleges that she relied on these assurances to her detriment.

The initial question is whether this Court has subject matter jurisdiction over this case. Brown invokes the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331, 1332, which respectively accord district courts jurisdiction in actions arising out of question of federal law and actions between persons of diverse citizenship.

■ In *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), the Supreme Court held that a labor organization—such as the UTU is here—is, for purposes of diversity jurisdiction under the federal statute, a citizen of each state in which it has membership. The UTU has a large, active membership in Texas. Inasmuch as the plaintiff, Brown, is a resident and citizen of Texas, and the defendant UTU is considered a citizen of Texas for purposes of diversity jurisdiction, and the Board operates only in Texas and must be a citizen of Texas for diversity purposes, there is no diversity in this case. All these parties are citizens of Texas. Accordingly, the claim of jurisdiction in this Court, based on diversity jurisdiction, fails.

As noted above, Brown also invokes federal question jurisdiction. Section 412 of the act provides that persons with rights secured by section 411 may bring a civil action in federal district court to obtain appropriate relief for violation of those rights. It is clear from the language of the act and cases construing it, however, that the act protects only those persons who are members of a labor organization. 29 U.S.C. §§ 411, 412; *Moynahan v. Pari-Mutuel Employees Guild, Local 280*, 317 F.2d 209 (9th Cir.), *cert. denied*, 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963); *Vincent v. Plumbers & Steamfitters, Local 198*, 409 F.Supp. 206 (M.D.La.1976). Thus this Court must consider whether Brown can be considered a member of a labor organization, as that term is defined under the act.

■ The Court notes first that as a matter of court procedure, the question of a person's membership in a labor organization is a question of whether his complaint asserts a claim upon which relief can be granted, not a question of jurisdiction. *In re Carter*, 618 F.2d 1093, 1102 (5th Cir. 1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981); *see also Gavin v. Structural Iron Workers Local No. 1*, 553 F.2d 28 (7th Cir.1977). A district court has jurisdiction if a complaint states a substantial federal claim, and the court can then assess the legal sufficiency of the complaint. *In re Carter*, 618 F.2d at 1103.

A complaint's allegations are insubstantial if they are obviously without merit or if prior decisions foreclose controversy on the subject. *Id.*

■ Whether Brown is a member of a labor organization as that term is defined in the act is not a question with an obvious answer: "[The act's] definition of the term 'member' does not impart to that term, as it is used in the Act, its ordinary, everyday meaning." *Hughes v. Local No. 11, International Association of Structural Iron-workers,* 287 F.2d 810, 814 (3rd Cir.), *cert. denied,* 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961). Congress defined the term "member" in the act to include "any person who has fulfilled the requirements for membership in [a labor] organization, and who neither has voluntarily withdrawn from membership nor has been expelled . . . ." 29 U.S.C. § 402(*o* ). The act thus is not limited to those whom the union recognizes as members. Rather, anyone who has fulfilled the membership requirements, that is, one who is a member in substance, is protected. *Alvey v. General Electric Co.,* 622 F.2d 1279 (7th Cir.1980); *Hughes,* 287 F.2d at 814.

In addition to the statutory provisions, Brown argues that the constitution and by-laws of UTU and the Board bestow on their employees the same rights as are enjoyed by the UTU's enrolled members. Brown maintains that she has therefore "fulfilled the requirements of membership" as required by the act.

The Court therefore holds that it has subject matter jurisdiction over this dispute and proceeds to determine whether Brown has asserted a claim upon which relief can be granted. A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Abdul-Alim Amin v. Universal Life Insurance Co.,* 706 F.2d 638, 640 (5th Cir.1983) (per curiam) (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A court "must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). *See also Cross v. Lucius,* 713 F.2d 153 (5th Cir.1983). A court may, however, consider materials in the record submitted by the parties other than the pleadings in passing on a Rule 12(b)(6) motion. *McElearney v. University of Illinois,* 612 F.2d 285, 290 n. 3 (7th Cir.1979); *see also Nix v. Fulton Lodge No. 2, International Association of Machinists,* 452 F.2d 794, 797 (5th Cir.1971), *cert. denied,* 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972); *accord,* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1364 (1969).

Brown bases her claim for relief on two independent theories: the first, which was discussed above, is that the union, as her employer, violated her rights under the Landrum-Griffin Act. The second is that the conduct of her supervisor constituted fraud in violation of state law.

■ Construing the record before it liberally in Brown's favor, the Court cannot conclude that she is a member of the UTU with rights accorded to her under the Landrum-Griffin Act. Brown does not claim to be enrolled as a member of the UTU. Her claim that she has fulfilled the qualifications for membership rests on article 100(3) of the UTU constitution: "International Employees will receive no preferential treatment based upon membership in the [UTU] or the absence of such membership." Brown argues that this prohibition of discrimination establishes her as a member of the union within the meaning of the Landrum-Griffin Act.

The Court cannot agree with Brown. The very statement she quotes contemplates that some employees of the UTU are members of the UTU while others are not. The fact that the Board and the UTU ignore the formal distinctions between the two groups in applying their personnel policies does not imply that these distinctions are to be ignored in applying the Landrum-

Griffin Act. A self-imposed prohibition of discrimination by a union-employer simply cannot be construed to mean that every employee of the union has fulfilled all the requirements for membership in the union.

Although courts have construed the term "member" liberally, none has concluded that an employee of a union becomes a member for purposes of the act merely because of a pledge by the employer-union not to discriminate against nonunion employees. Rather, courts have looked at whether the person claiming membership has fulfilled all the requirements of membership and only formal, ministerial acts by union officials remain to be done. Courts have consistently held that where more than ministerial acts remain before a person can formally become a member of the union, the person is not a member under the act. *See, e.g., Gavin v. Structural Iron Workers Local No. 1*, 553 F.2d 28, 31 (7th Cir.1977).

■ Specifically, membership arises when the requirements of the union's by-laws are satisfied in regard to applying for membership, tendering fees and dues, taking an oath of membership, and like requirements. *Local No. 1 (ACA) v. Teamsters*, 543 F.Supp. 1321, 1329 (E.D.Pa.1982). Brown admits that she has never applied for membership in the UTU or paid union dues. But the constitution of the UTU, a copy of which has been submitted by Brown to the Court, provides in article 41 (Membership) that to become a member, a person must make written application, pay an initiation fee, and sign an oath of membership. Furthermore, article 41 provides that a person will not be considered for membership unless three members have signed his application.

The foregoing requirements, which Brown admits she has not satisfied, are much more than formal, ministerial acts. The Court therefore concludes that Brown is not a member of the UTU under section 402(*o*) of the act. Since the act gives rights only to members of labor organizations, Brown has failed to state a claim

upon which relief can be granted under the Landrum-Griffin Act.

■ Having determined that Brown has not properly stated a federal claim, the Court must determine whether to exercise jurisdiction over her state claims based on fraud and breach of contract. Once a district court properly dismisses a plaintiff's federal claims, its exercise of pendent jurisdiction over any state claims lays within the court's discretion. *Tinker v. DeMaria Porsche-Audi, Inc.*, 632 F.2d 520, 523 (5th Cir.1980). "It is clear, [moreover], that a district court has wide discretion to refuse to hear a pendent claim.... 'Certainly, if the federal claims are dismissed before trial, even though not in substantially a jurisdictional sense, the state claim should be dismissed as well.'" *United States ex rel Glynn v. Capeletti Brothers*, 621 F.2d 1309, 1317–18 (5th Cir.1980) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). Accordingly, the Court declines to consider Brown's state claims and makes no finding on the merits of those claims.

For the foregoing reasons, the Court is of the opinion that the defendants' motion pursuant to Rule 12(b)(6) is meritorious and should be granted. This disposition renders unnecessary a ruling on the defendants' alternative motions for judgment on the pleadings and for summary judgment, since as a practical matter the dismissal accomplishes the same result. It is accordingly

ORDERED, ADJUDGED, and DE-CREED that the defendants' motion to dismiss be, and hereby is, GRANTED.