**James C. BULLOCK, Plaintiff,**

v.

**Thomas J. SWEENEY, et al., Defendants.**

**No. C–85–4274 WHO.**

United States District Court, N.D. California.

April 9, 1986.

---

James C. Bullock, Castro Valley, Cal., in pro per.

Sanford H. Nathan, Neyhart, Anderson, Nussbaum, Reilly & Freitas, San Francisco, Cal., Robert D. Kurnick, Sherman, Dunn, Cohen, Leifer & Counts, P.C., Washington, D.C., Richard G. McCracken, Davis, Cowell & Bowe, San Francisco, Cal., for defendants.

## OPINION AND ORDER

ORRICK, District Judge.

This cause having come on for hearing on defendants' motion to dismiss, and plaintiff's motions to strike, and to construe defendants' motion, and the Court having considered the pleadings and memoranda in support of and in opposition to the motions, and being fully advised, the Court makes this Order.

### I

The *pro per* plaintiff, James Bullock, is suing the defendants International Brotherhood of Electrical Workers ("IBEW"), Local Union 595 ("Local"), and the manager of the Local Union, Thomas J. Sweeney, alleging that the Local's denial of his transfer request violates the Labor Management Reporting and Disclosure Act ("LMRDA"). 29 U.S.C. §§ 411–412. The defendants have moved for judgment on the pleadings, that is, to dismiss for failure of plaintiff to state a claim for relief, or in the alternative for summary judgment. Plaintiff opposes this motion, and has moved to strike defendants' responses in their answer, or in the alternative, offers to amend his complaint. Plaintiff has also moved for proper construction of defendants' motion to dismiss: plaintiff requests that defendants' motion to dismiss be construed as a motion under Rule 12(e) for a more definite statement.

■ This Court has taken proper care to read plaintiff's pleadings and motions liberally, as a court must do when *pro se* complaints are involved. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir.1986); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir.1982). The Court has also exercised its discretion to tolerate informalities by the *pro se* litigant. *Cel-A-Pak v. California Agricultural Labor Relations Board*, 680 F.2d 664, 667 (9th Cir.1982). Nevertheless, because this complaint does not state a cause of action it must be dismissed or, alternatively, summary judgment in favor of defendants must be granted.

### II

Plaintiff has been a member of IBEW Local Union 776 in South Carolina since 1969. But for the past few years he has been in Alameda County, and has been referred on several occasions to electrical construction jobs by Local 595 under whose jurisdiction Alameda County lies.

In November of 1984, plaintiff tried to transfer his membership from the South Carolina Local to Local 595, by submitting a "traveling card" to defendant Sweeney. Sweeney, as manager of Local 595, informed plaintiff that his application had been denied and that Local 595 was not accepting transfers. He also informed plaintiff that because he was not a Local 595 member, he could not participate in the Local's internal affairs. Nevertheless, IBEW members working within Local 595's jurisdiction are required to pay "working assessments," a form of union dues. Plaintiff claims that the Local's denial of his transfer is in violation of the LMRDA, as is the assessment of working dues. He makes other more general allegations of "tortious conduct."

## III

■ Count One of plaintiff's amended complaint alleges that the autonomy given to IBEW locals to accept or reject membership transfer requests is inconsistent with the equal membership protections of the LMRDA. Article 25 of the IBEW Constitution provides for membership transfers between locals, but also declares that each local shall have "full autonomy to accept or reject all requests for transfer of membership." Although Section 101(a)(1) of the LMRDA guarantees certain rights to "every member" of a union, there is nothing in that statute requiring that any applicant be accepted as a union member. Thus, the Local's autonomy is not inconsistent with the LMRDA.

In *Gavin v. Structural Iron Workers Local No. 1*, 553 F.2d 28 (7th Cir.1977), the court of appeals upheld the district court's dismissal of a complaint on this ground. Where the union constitution specifically allowed locals the discretion to accept or reject transfer applications, the *Gavin* court found that the complaint did not state a cause of action under the LMRDA, which guarantees rights to members.

■ Nevertheless, plaintiff argues that the IBEW Constitution itself, which authorizes the Local's autonomy, is in violation of the LMRDA. This argument is rejected by the Ninth Circuit. See *Moynahan v. Pari-Mutuel Employees Guild of California, Local 280*, 317 F.2d 209, 210 (9th Cir. 1963) ("the legislative history persuasively demonstrates that Congress did not intend Section 3(o) [of the LMRDA] to limit the previously recognized rights of unions to choose their members"). There is no absolute right of admission to the union. The mere application for membership, which is subject to approval as prescribed by the Unions' constitution, does not constitute membership or result in any vested right. *Feist v. National Marine Engineers' Beneficial Ass'n*, 118 LRRM 2419, 2421 (E.D. La.1983).

## IV

Plaintiff claims in Count Two that he was denied equal membership rights guaranteed by section 101(a)(1) of the LMRDA. But the case law demonstrates that where membership has been denied by a local with authority to do so, then the applicant is not entitled to the rights guaranteed by the LMRDA equal rights provision. *Gavin, supra*.

*Parish v. Legion*, 450 F.2d 821 (9th Cir. 1971), does not help plaintiff, because the IBEW amended its constitution after this decision to provide the local unions with autonomy to accept or refuse transfer applications. See *Woods v. IBEW Local 613*, 404 F.Supp. 110, 117–18 (N.D.Ga.1975). Plaintiff's reliance on *Brennan v. Local 357, International Brotherhood of Teamsters*, 709 F.2d 611 (9th Cir.1983), is also inapposite. *Brennan* holds that the LMRDA provides rights to those persons who have fulfilled membership requirements, despite the fact that union officials have not performed "ministerial acts" of formal recognition. In the instant case, because the Local has autonomy to reject transfer requests, the union's recognition is *not* a "ministerial act." See *Gavin, supra*, and *Philipchuk v. Iron Workers*, 87 LRRM 3169, 3173 (D.N.J. 1972), *aff'd* 475 F.2d 1396 (3d Cir.1973).

The same rationale applies here as in Count One: plaintiff is not a member of Local 595, so his complaint does not state a cause of action under the LMRDA.

## V

In Count Three, plaintiff alleges that the working assessments collected by Local 595 from IBEW members who work in the local's jurisdiction is inconsistent with the Congressional intent of the fiduciary responsibility provisions of the LMRDA.

These working assessments have been explicitly upheld by the courts, as lawful and not against Congressional intent. *Chadwick v. IBEW*, 118 LRRM 3228 (E.D. Tenn.1984), citing *Zentner v. American Federation of Musicians*, 237 F.Supp. 457 (S.D.N.Y. 1965), *aff'd* 343 F.2d 758 (2d Cir. 1965) (*per curiam*). Plaintiff attempts to

distinguish these cases by arguing that voluntary nonemployees can be made to pay working assessments, but that the same dues are illegal as to a person such as himself who seeks union membership but is excluded. Nevertheless, plaintiff cites no authority for making such a distinction.

■ Therefore, based on the above-cited cases, the Court must find that the "working assessments" are legal, and that plaintiff fails to state a cause of action in Count Three.

### VI

It is unclear whether Count Four is intended as a separate cause of action, or merely makes the allegations necessary to support an award of punitive damages. Having dismissed plaintiff's first three counts on the grounds stated, defendants' actions clearly do not form the basis of a new and independent cause of action in tort. This cause of action must also be dismissed.

### VII

■ Defendants answered some of plaintiff's allegations in the amended complaint with responses such as "plaintiff's allegations are unintelligible." Plaintiff has moved to strike those responses. Plaintiff's motion is denied. Under the Rule 12(f) of the Federal Rules of Civil Procedure, a motion to strike is appropriate where the pleading presents an "insufficient defense" or "redundant * * * or scandalous material." Defendants' pleadings do not present such material. Secondly, the motion is mooted by this Court's ruling above.

■ Plaintiff's motion to construe defendants' motion as one for a more definite statement is also denied. Plaintiff contends that because defendants denied several paragraphs of his complaint on the grounds that the allegations were vague or incomprehensible, defendants must necessarily proceed with a motion under Rule 12(e) rather than for judgment on the pleadings. However, defendants were clearly able to understand the gist of each of plaintiff's counts, they set forth their understandings of the issues in their motion for judgment on the pleadings, and plaintiff did not object to that characterization of the issues. The paragraphs that defendants contend are vague are in fact immaterial to a decision on defendant's motion. Plaintiff's motion to construe defendants' motion as one for a more definite statement is therefore denied.

### VII

For the foregoing reasons,

IT IS HEREBY ORDERED that plaintiff's complaint and this action are dismissed with prejudice. Judgment shall be entered for the defendants.