Mark BLAIR, Plaintiff,

v.

RAVENSWOOD VILLAGE HEALTH
CENTER, Defendant.

No. CA–97–1256.

United States District Court,
S.D. West Virginia.

June 15, 1998.

Mark Blair, Ravenswood, WV, pro se.

David Dick, Steptoe & Johnson, Morgantown, WV, Kelly Reed, Steptoe & Johnson, Morgantown, WV, for defendant

*MEMORANDUM OPINION
AND ORDER*

HADEN, Chief Judge.

Pending are Plaintiff Blair's objections to the Report–Recommendation filed by the Honorable Jerry D. Hogg, United States Magistrate Judge. This action was referred to Judge Hogg, who has submitted his proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report–Recommendation on May 20, 1998, and Blair filed his objections to the Report–Recommendation on June 2, 1998. Having reviewed *de novo* those portions of the Magistrate Judge's Report–Recommendation to which Blair objects, the Court concludes that the objections are without merit. The Court finds Plaintiff has failed to present evidence of a genuine issue of material fact remaining extant.

In reviewing Defendant's summary judgment motion, the Court considers Blair's status as a pro se plaintiff.

In *Bullock v. Sweeney,* 644 F.Supp. 507 (N.D.Cal.1986), the court found that a pro se plaintiff's pleadings and motions must be liberally construed. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (writings by pro se complainants held to "less stringent standards than formal pleadings drafted by lawyers"); *Jones v. Johnson,* 781 F.2d 769, 771 (9th Cir. 1986); *Baumann v. United States,* 692 F.2d 565, 572 (9th Cir.1982).

See *Wall v. AT & T Technologies, Inc.,* 754 F.Supp. 1084, 1089 (M.D.N.C. 1990). Despite the rule of liberal construction, when a defendant moves for summary judgment, a plaintiff "may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue" that must be tried before a jury. *Harleysville Mut. Ins. Co. v. Packer,* 60 F.3d 1116, 1120 (4th Cir.1995) (citations omitted); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* 513 U.S.

813, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994); *see also Cabro Foods, Inc. v. Wells Fargo Armored Serv. Corp.,* 962 F.Supp. 75, 77 (S.D.W.Va.1997); *Spradling v. Blackburn,* 919 F.Supp. 969, 974 (S.D.W.Va.1996).

■ In an Order dated April 10, 1998, the Court informed Blair not only of his right to file a response with evidence supporting his position, but also of the dangers of not responding with such evidence. *See Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975). Plaintiff did not, however, respond to Defendant's summary judgment motion. Even now, Plaintiff fails to present evidence of a genuine issue of material fact remaining extant.

Accordingly, the Court adopts and incorporates the findings and recommendation of the Magistrate Judge with the foregoing modification and **ORDERS** (1) Defendant's motion to dismiss, treated as a motion for summary judgment, be **GRANTED,** and (2) that this action be dismissed from the docket of the Court.

### *REPORT–RECOMMENDATION*

HOGG, United States Magistrate Judge.

On December 24, 1997, plaintiff, *pro se,* filed this action.

It was referred to the undersigned magistrate judge who was designated to consider the pleadings and evidence therein and to submit to the District Court proposed findings of fact, conclusions of law, and recommendation for disposition as authorized by 28 U.S.C. § 636(b) and the LOCAL RULES OF MAGISTRATE JUDGE PROCEDURE.

On April 6, 1998, the defendant filed a motion to dismiss, with supporting documentation. Since matters outside of the pleadings were presented and considered by the Court, the motion was treated as a motion for summary judgment. By order entered April 10, 1998, the plaintiff was advised, as required by *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), that he had the right to file affidavits or other responsive material in opposition to the defendant's motion for summary judgment. By such order, the plaintiff was advised that the factual allegations by the defendant would be accepted as true unless the plaintiff filed such opposing material within 14 days and that failure to so respond may result in the entry of summary judgment against him. The plaintiff has not responded to the April 10, 1998, order. Because the undersigned magistrate judge accepts the veracity of the defendant's factual allegations, they not having been refuted, it is, accordingly,

**RECOMMENDED** that defendant's motion for summary judgment be granted and this action be stricken from the docket of the court.

Plaintiff and defendant are hereby notified that a copy of this **REPORT–RECOMMENDATION** will be submitted to the Honorable Charles H. Haden II, Chief Judge, and that, in accordance with the provisions of Rule 72(b), Federal Rules of Civil Procedure, the parties may, within 13 days of the date of filing of this **REPORT–RECOMMENDATION** serve and file written objections with the clerk of this court, identifying the portions of the **REPORT–RECOMMENDATION** to which objection is made and the basis for such objections. The Judge will make a *de novo* determination of those portions of the **REPORT–RECOMMENDATION** to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such **REPORT–RECOMMENDATION.** Copies of objections shall be served on all parties with copies of the same to Chief Judge Haden and this magistrate judge.

The Clerk is directed to file this **REPORT–RECOMMENDATION** and mail a

copy of the same to the plaintiff and counsel of record for the defendant.

May 18, 1998.