

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2006

# Stanley v. Intl Brhd Electrial

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stanley v. Intl Brhd Electrial" (2006). *2006 Decisions.* Paper 252.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/252

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4678

ROGER STANLEY; JERRY CLOSE; CHARLES F. TAYLOR, JR.; GLEN
MAZOFF; PETE KURTZ; TERRY L. SHUBERT; CHARLES F. TAYLOR,
III; JACK L. TAYLOR; ROBERT MCMUNN; WILLIAM TAYLOR; BILL
CROYLE; VINCENT KOVALCHIK; RAY CUNNINGHAM; NANCY IRWIN,
Executive of the Estate of CHARLES IRWIN SR.,

<u>Appellants</u>

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO CLC;
THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL
5; LAUREN WARD, also known as LARRY WARD; VERNON C. FORDYCE,
also known as CHRIS FORDYCE; RICHARD DUNKEL, Business Agent
of Local 5; JOHN CHALOVICH, Business Agent Local 5; DENNY
EICKER, Business Agent Local 5; FRANK GALLAGHER,
retired Business Agent of Local 5; DAVE CORNELIUS; RON
DUNKEL; MICHAEL R. DUNLEAVY, as President of Local 5;
WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES INSURANCE TRUST
FUND

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00068)
District Judge: Hon. Terrence F. McVerry

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2006

BEFORE: SMITH, FISHER and  COWEN, <u>Circuit Judges</u>

(Filed November 1, 2006 )

---

OPINION

---

COWEN, Circuit Judge.

Appellants, members of the International Brotherhood of Electrical Workers (IBEW) and local unions other than IBEW Local 5 ("Local 5"), filed a seven-count complaint against IBEW; Local 5; nine individuals who were alleged to be officials, former officials, or members of Local 5; and the Western Pennsylvania Electrical Employees Insurance Trust Fund ("Trust Fund"). The District Court dismissed the complaint, and appellants now appeal. For the reasons set forth below, we will affirm.

I.

Appellants are journeymen/travelers who applied for, but were denied, membership in Local 5. Because they are not members of Local 5, they have been precluded from attending union meetings and voting on the business of those meetings.

Local 5 distributes work through a hiring hall procedure. Appellants claim that they have been assigned a secondary classification for purposes of the hiring hall, and thus have not received a fair allotment of work. Appellants Stanley and Close filed a complaint with the National Labor Relations Board protesting this situation, which they then withdrew after Local 5 agreed to end its discriminatory practices. However, Local 5 has allegedly failed to abide by that agreement, and instead, according to appellants, members of the union have threatened Stanley and Close with physical violence.

2

Appellants also claim that the IBEW, through Local 5, negotiated collective bargaining agreements on behalf of the workers. Those agreements included health and welfare and pension plans that required participating employers to contribute money to the plans for each hour worked by a covered employee. Appellants allege that appellees prevented them from working sufficient hours to establish coverage under the plans, and then retained the contributions to the plans made on appellants' behalf.

Appellants commenced this case by filing a complaint in January 2005. Each appellee then filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and appellants responded by filing an amended complaint. The amended complaint contained seven counts: (1) infringement of union rights; (2) breach of contract; (3) intentional interference with economic opportunities; (4) intentional infliction of emotional distress; (5) unjust enrichment; (6) ERISA violations; and (7) civil RICO violations.

The appellees again moved to dismiss the complaint, and on July 28, 2005, a Magistrate Judge issued a Report and Recommendation recommending that the motions to dismiss be granted as to the federal claims and that the court decline to exercise supplemental jurisdiction over the remaining state claims. On September 19, 2005, the District Court adopted the Report and Recommendation, and dismissed the complaint. This appeal followed.

II.

The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We exercise appellate review pursuant to 28 U.S.C. § 1291. We have plenary review over a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6). *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom, there is no reasonable reading upon which the plaintiff may be entitled to relief. *Id.*

### III.

Appellants argue that the District Court erred in dismissing each of their four federal claims. Appellants first argue that the District Court wrongly dismissed their claim alleging that IBEW and Local 5 infringed their union rights under the Labor Management Reporting and Disclosure Act (LMRDA) by denying them the equal rights and privileges guaranteed by 29 U.S.C. § 411. However, § 411 only guarantees rights to union "members." "Member" is defined by 29 U.S.C. § 402(o) to include "any person who has fulfilled the requirements for membership." When a union's constitution gives the local union the discretion to accept or deny membership to applicants, unsuccessful applicants have not fulfilled the requirements for membership, and thus are not members of the local union. *See Bullock v. Sweeney*, 644 F. Supp. 507, 509 (N.D. Cal. 1986) ("The mere application for membership, which is subject to approval as prescribed by the Unions' constitution, does not constitute membership or result in any vested right.");

4

*cf. Hughes v. Local No. 11 of Int'l Ass'n of Bridge, Structural and Ornamental Ironworkers*, 287 F.2d 810, 816 (3d Cir. 1961) (explaining "this case may be distinguished from the ordinary case of an application for membership in a voluntary association on the ground that there was not in this case a reservation of power by the organization to refuse membership, in its discretion, to those who have fulfilled its standard membership requirements").  Here, the IBEW Constitution does grant each local union the "full autonomy to accept or reject all requests for transfers."  (App. 167.)  Accordingly, appellants are not members of Local 5, and the District Court was correct to rule that they are unable to present a viable claim under § 411.

Appellants' civil RICO claim, in which they alleged that appellees engaged in a scheme to defraud them out of income and benefits, was also correctly dismissed. Pursuant to 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  "Racketeering activity" may include, *inter alia*, mail fraud or wire fraud, 18 U.S.C. § 1961(1); a "pattern" requires at least two such acts, 18 U.S.C. § 1961(5). Appellants argue that they sufficiently alleged a pattern of racketeering activity because they claimed that appellees committed numerous acts of mail and wire fraud.  However, appellants' complaint contained no allegations of racketeering activity concerning the Trust Fund, and accordingly, the claim against the Trust Fund was correctly dismissed.

Further, there are two requirements for the predicate acts of racketeering activity that doom appellants' claim against the IBEW and Local 5: (1) Fed. R. Civ. P. 9(b)'s requirement that fraud be pleaded with specificity applies to appellants' mail and wire fraud allegations, *see Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004); and (2) the wire fraud statute, 18 U.S.C. § 1343, criminalizes a scheme to defraud that is transmitted by wire "in interstate or foreign commerce"; thus, a complaint must allege *interstate* use of the wire for each predicate act, *see, e.g.*, *Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988). All of appellants' allegations of fraud concerning IBEW, and most of their allegations concerning Local 5, lack specificity because they are just general allegations that fail to include details concerning the "date, place or time of the fraud" and "who made a misrepresentation to whom and the general content of the misrepresentation." *Lum*, 361 F.3d at 224 (internal quotation marks omitted). Further, while a few of appellants' charges against Local 5 are sufficiently specific, all but one[1] lacks an allegation that the phone call was interstate. Thus, appellants failed to allege that any of the appellees engaged in a pattern of racketeering activity, and accordingly, the District Court was correct to dismiss the civil RICO claim. Appellants argue that they should survive dismissal because they have identified a "log," in appellees' possession, which they claim lists more instances of fraud with great specificity. However, this argument is

---

[1] The one allegation that contains sufficient specificity and includes a claim that the call was interstate is pleaded at ¶ 74(b)(4), and alleges that Robert McMunn received a solicitation from a Pittsburgh dispatcher, Vince Mandella, on or about September 18, 1998, while McMunn was in Ohio.

too speculative to constitute an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.* This allegation does not save the claim.

The District Court also properly dismissed appellants' claim under section 502(a)(1)(B) of ERISA, in which appellants challenged the "confiscatory forfeiture" caused by the coverage limits of the plans. First, section 502(a)(1)(B) may only be invoked against the plan itself, a plan fiduciary, or, perhaps, a plan administrator. *See Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994). Appellants failed to allege that the IBEW or Local 5 was a plan, fiduciary, or administrator. Further, in order to bring a claim attempting to enforce the terms of a benefit plan under section 502(a)(1)(B), a party must first exhaust the internal administrative remedies of the plan, *see D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002), which appellants have acknowledged they failed to do. Appellants argue that it would be futile to pursue administrative remedies; however, they base this conclusion on the fact that the Trust Fund is required to apply the terms of the plans. If the appellants desire the Trust Fund to do something other than apply the terms of the plan, section 502(a)(1)(B) is an improper vehicle, because that section provides a cause of action solely to vindicate rights as provided "under the terms of the plan." Accordingly, appellants' claim against the Trust Fund was also properly dismissed.

The District Court also correctly dismissed appellants' unjust enrichment claim, in which appellants argued that the benefit plans require appellants to work an excessive amount of hours to qualify for coverage, and that when appellants have failed to reach those requirements, the appellees have unjustly kept the money earmarked for benefits. Section 514(a) of ERISA preempts state law claims that "relate to" an employee benefit plan. A state law claim relates to an employee benefit plan if "the existence of an ERISA plan [is] a critical factor in establishing liability" and "the trial court's inquiry would be directed to the plan." *1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992). The parties agree that the plans at issue are employee benefit plans within the meaning of section 514(a). The ERISA plans are a critical factor here because the appellants' claim is predicated on the very terms of the ERISA plans; i.e., the allegedly confiscatory limits mandated by the plans. Thus, ERISA preempts this claim, and it was correctly dismissed by the District Court.[2]

Appellants also seek leave to amend their complaint. However, after final judgment, leave to amend will be granted only sparingly, and will be the "long-odds exception." *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001) (internal quotation marks omitted); *see also Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994) (explaining that after judgment has been entered, a party seeking to amend a pleading "had better provide the [court] with a good reason to grant its motion"). In this case,

---

[2] Because the District Court was correct to dismiss each federal claim, it was entirely appropriate for it to decline to exercise supplemental jurisdiction over the state claims.

8

appellants have not presented any compelling reason that justice requires they be granted leave to amend, beyond that it would be to their advantage to have a third bite at the apple. That alone will not suffice. Accordingly, we will also deny this request.

For the foregoing reasons, the judgment of the District Court entered on September 19, 2005, will be affirmed