**William A. MASTERS, II,**
**Plaintiff—Appellant,**

v.

**SCREEN ACTORS GUILD, INC.,**
**a Labor Organization,**
**Defendant—Appellee.**

No. 06–56265.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

William A. Masters, II, Mission Hills, CA, pro se.

Jennifer S. Vanse, Esq., Screen Actors Guild, Inc., Los Angeles, CA, for Defendant–Appellee.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

William A. Masters, II, appeals pro se from the district court's judgment dismissing his action challenging the Screen Actors Guild's ("SAG") bylaws and decision to reject Masters's application for membership, as contrary to provisions of the Labor Management Reporting and Disclo-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sure Act ("LMRDA"), 29 U.S.C. §§ 401–531. We have jurisdiction pursuant to 28 U.S.C § 1291. We review de novo, *Intri–Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007), and we affirm.

The district court properly dismissed the action, because SAG permissibly exercised its right not to accept Master's application for membership. *See Brennan v. Local 357, Int'l Bhd. of Teamsters*, 709 F.2d 611, 614 (9th Cir.1983) ("The legislative history of the [LMRDA] supports the proposition that [it] was not drafted with the intent to dictate the requirements established by a labor organization respecting membership."); *Moynahan v. Pari–Mutuel Employees Guild of Cal., Local 280*, 317 F.2d 209, 210 (9th Cir.1963) ("Congress did not intend [29 U.S.C. § 402(*o*) ] to limit the previously recognized rights of unions to choose their members.") (footnote omitted).

Because Masters was not a SAG member, he had no standing to challenge SAG's bylaws. *See Brennan*, 709 F.2d at 614 (holding that a non-member of a labor union "may not obtain relief under the [LMRDA]").

Masters's remaining contentions lack merit.

We deny Masters's request for judicial notice, filed March 13, 2007.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.