**13-2038-cv**
**John Brady v. International Brotherhood of Teamsters et al.**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2013

(Submitted: December 3, 2013     Decided: February 3, 2014)

Docket No. 13-2038-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOHN BRADY,

      Plaintiff-Appellant,

        v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, THEATRICAL
DRIVERS AND HELPERS LOCAL 817, THOMAS J. O'DONNELL, as
Secretary Treasurer and President of Local 817, IBT, and FRANCIS J.
CONNOLLY, JR., as Treasurer of Local 817, IBT,

      Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: LIVINGSTON, LOHIER, and CARNEY, Circuit Judges.

John Brady appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, J.) dismissing his claim brought pursuant to the Labor-Management Reporting and Disclosure Act (the "LMRDA"). The District Court concluded that it lacked subject matter jurisdiction under the LMRDA because Brady was not and has never been a member, or member in substance, of the International Brotherhood of Teamsters, Theatrical Drivers and Helpers Local 817. We AFFIRM.

Eugene G. Eisner, Eisner & Mirer, P.C., New York, New York, *for* Plaintiff-Appellant.

Eugene S. Friedman, William Anspach, Cristina E. Gallo, Friedman & Wolf, New York, New York, *for* Defendants-Appellees.

LOHIER, <u>Circuit Judge</u>:

John Brady appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>) dismissing this case for lack of subject matter jurisdiction. Brady sued the International Brotherhood of Teamsters, Theatrical Drivers and Helpers Local 817 ("IBT Local 817") and two of its officers (together with IBT Local 817, "Defendants"), alleging that Defendants violated Title I of the Labor-Management Reporting and Disclosure Act (the "LMRDA"), 29 U.S.C. § 411 <u>et seq.</u>, by denying him membership in IBT Local 817 in retaliation for his complaints about a union member. The District Court held that it lacked subject matter jurisdiction because Brady pleaded facts affirmatively establishing that he was neither a member nor a member in substance of the union. We affirm.

**BACKGROUND**

"The amended complaint alleges the following facts, which we assume to be true and construe in the light most favorable to the plaintiff." See Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 118 (2d Cir. 2013). At various times between 1981 and 2007, Brady sought and obtained work through IBT Local 817's hiring hall. In 2007, while working on a film set, Brady criticized a union member for not distributing promised cash per diem payments to drivers for the set. In 2008 Brady was passed over for membership in IBT Local 817 and told by defendant Thomas J. O'Donnell, the then Secretary Treasurer of IBT Local 817, that the refusal was in retaliation for Brady's criticism relating to the per diem payments. Later, in 2012, Brady requested a membership application from defendant Francis J. Connolly, Jr., the newly elected Secretary Treasurer of IBT Local 817. Connolly refused to provide one.

The Constitution and By-Laws of IBT Local 817 (the "Union Constitution") provide that a person is "eligible for membership" if he or she has "good moral character" and "works in the craft or employment over which [IBT Local 817] has jurisdiction." Union Constitution § 4.01. Section

4.03 of the Union Constitution establishes three "Formal Requirements" for union membership for an "eligible applicant": (1) the applicant "shall have executed a written application for membership," (2) the applicant "shall have tendered the initiation fees and one month's dues," and (3) "[t]he local shall have accepted his application and dues." Union Constitution § 4.03. The amended complaint alleges that Brady satisfied the eligibility criteria of § 4.01 and therefore was entitled to receive a membership application. It also alleges that IBT Local 817 "routinely granted membership" to individuals without requiring them "to request or fill out an application for membership."

Brady claims that the union's refusal to provide him an application or grant him membership was retaliatory, in violation of the LMRDA. The District Court determined that it lacked subject matter jurisdiction under the LMRDA because Brady's allegations established that he was neither a member nor a member in substance of IBT Local 817.

This appeal followed.

**DISCUSSION**

On appeal, Brady acknowledges that he was not a formal member of IBT Local 817, but claims that he was a union member "in substance." Although we conclude that Brady failed to plead facts establishing that he was even a member "in substance," we clarify that the LMRDA confers subject matter jurisdiction over claims brought by members in substance as well as by formal union members.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Title I of the LMRDA guarantees certain rights to "[e]very member of a labor organization," 29 U.S.C. § 411(a)(1), and creates a right of civil action for union members to enforce those rights, id. § 412. Because "Title I regulates only the relationship between the union and its members, not other relationships," subject matter jurisdiction under the LMRDA exists only where the plaintiff is a member of the defendant union. Phelan v. Local 305 of United Ass'n of Journeymen, 973 F.2d 1050, 1056 (2d Cir. 1992) (citation and quotation marks omitted).

5

The LMRDA defines a member, in relevant part, as "any person who has fulfilled the requirements for membership in [a labor] organization."  29 U.S.C. § 402(o).  To determine whether an individual is a union member, we have suggested that the focus should be "on whether [a] plaintiff[] ha[s] fulfilled the requirements of membership."  Phelan, 973 F.2d at 1057.  "[T]hat union officials have not performed the ministerial acts necessary to give formal recognition to a person's status as a member is not determinative."  Id. (quotation marks omitted).  In Hughes v. Local Number 11 of International Association of Bridge, Structural and Ornamental Ironworkers, 287 F.2d 810 (3d Cir. 1961), the Third Circuit relied on similar reasoning to hold that the LMRDA's protection extends to "those who are everything that members are, to those who are in substance members, despite the fact that the officials of the particular labor organization have not performed the ministerial acts precedent to formal admission and recognition."  Id. at 815.

We agree with the Third Circuit and adopt the "member in substance" formulation articulated in Hughes and subsequently recognized by other sister Circuits as relevant to cases in which the union does not retain discretion "to refuse membership . . . to those who have fulfilled its standard

membership requirements." Id. at 816; see Gavin v. Structural Iron Workers Local No. 1, 553 F.2d 28, 31 (7th Cir. 1977); Moynahan v. Pari-Mutuel Emps. Guild of Cal., Local 280, 317 F.2d 209, 210 (9th Cir. 1963).

Applying that formulation here, Brady argues that he qualified as a member in substance of IBT Local 817 because he was eligible to be a member and the § 4.03 requirements were purely ministerial acts. We disagree. In doing so, we again turn to Hughes, in which the Third Circuit explained that Hughes's formal admission to the defendant union was merely "ministerial" because that union's constitution required it to admit Hughes as a transfer from an affiliated local. Hughes, 287 F.2d at 815-16. Unlike the union requirements in Hughes, the Union Constitution here does not require that IBT Local 817 accept every eligible applicant for membership. Cf. Gavin, 553 F.2d at 31 (application approval not ministerial where union constitution specifically reserved discretion to reject a transfer applicant); Moynahan, 317 F.2d at 210 (application approval not ministerial where union constitution required favorable vote of current membership before admission).

To the contrary, the Union Constitution gives the union discretion over membership decisions. For example, even an eligible applicant for

7

membership in IBT Local 817 is not considered a member until the union "accept[s]" his application, which it is not required to do. Union Constitution § 4.03. Had Brady actually applied, therefore, IBT Local 817 would have retained discretion to accept or reject his application.

Brady also characterizes IBT Local 817's requirements as "ministerial" because the union "routinely granted" membership to individuals who did not meet the requirements. We reject the characterization insofar as it conflicts with the plainly discretionary contractual language of the Union Constitution. There is no provision in the Union Constitution that requires IBT Local 817 to accept all eligible applications. See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 206 (2d Cir. 2005). In any event, that IBT Local 817 perhaps only rarely exercised its discretion to reject an eligible applicant did not disable it from rejecting Brady's application.

Finally, Brady argues that IBT Local 817 should not be permitted to "profit" from its alleged bad faith refusal to provide him with an application. Because Brady was not a member or member in substance of the union, however, the District Court was without jurisdiction to entertain this argument. IBT Local 817's denial of union membership to Brady, if it can

8

even be described as such, is not a wrong that is redressable under the LMRDA.  See Phelan, 973 F.2d at 1056 ("[C]ourts have refused to entertain suits by plaintiffs against unions that have rejected them for membership."); Abrams v. Carrier Corp., 434 F.2d 1234, 1254 (2d Cir. 1970) ("Wrongful denial of union membership does not come within the ambit of . . . the LMRDA.").

## CONCLUSION

The District Court correctly concluded that it lacked subject matter jurisdiction to adjudicate Brady's claim under the LMRDA.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.